# FIRST AMENDED COMPLAINT

## FOR DECLARATORY RELIEF, DAMAGES, AND JUDICIAL REVIEW UNDER THE FEDERAL ARBITRATION ACT

### UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

**Bria Hunt,** Plaintiff,

v.

**Block, Inc. d/b/a Cash App,** Defendant.

Case No.: 1:25-CV-06686-JPB

**FILED IN CLERK'S OFFICE**
U.S.D.C. - Atlanta

**FEB 0 6 2026**

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**FIRST AMENDED COMPLAINT**

Plaintiff Bria Hunt ("Plaintiff"), appearing pro se, files this First Amended Complaint against Block, Inc. d/b/a Cash App ("Defendant" or "Cash App"), and respectfully shows the Court as follows:

## I. INTRODUCTION

1. This case concerns Cash App's abrupt and unjustified closure of Plaintiff's financial account on or about November 13, 2020, without notice, explanation, or legally required justification.

2. Plaintiff relied on the account for essential personal and financial transactions. Cash App's unexplained termination caused financial harm, emotional distress, and disruption to Plaintiff's livelihood.

3. Plaintiff attempted to resolve the matter in good faith by initiating arbitration with National Arbitration and Mediation ("NAM") solely because the Cash App Terms of Service stated that arbitration was mandatory.

4. Plaintiff never agreed to any Terms of Service, never assented to any arbitration clause, and initiated arbitration under protest because Cash App represented that arbitration was the only available forum.

5. From the outset of the arbitration, Plaintiff consistently challenged contract formation, repeatedly requesting that Cash App produce basic evidence of assent, including:

   o  timestamp of acceptance

- o device logs
- o IP address logs
- o server-side metadata
- o screenshots of the acceptance interface
- o the version of the Terms allegedly presented at sign-up

6. Cash App produced none of the above.

7. Without proof of assent, arbitration could not proceed. Under the Federal Arbitration Act ("FAA"), contract formation is a threshold issue for the Court, not the arbitrator. See 9 U.S.C. § 4.

8. Plaintiff withdrew from arbitration because Cash App's refusal to produce evidence made arbitration impossible, not because Plaintiff conceded the existence of an agreement.

9. Plaintiff now seeks judicial review of contract formation, declaratory relief, and damages.

## II. JURISDICTION AND VENUE

10. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Plaintiff asserts claims under:

- The Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16
- The E-SIGN Act, 15 U.S.C. §§ 7001–7031
- The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202

11. Supplemental jurisdiction exists under 28 U.S.C. § 1367.

12. Venue is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, the harm occurred here, and Cash App conducts business here.

## III. PARTIES

13. Plaintiff Bria Hunt is a resident of Statham, Georgia.

14. Defendant Block, Inc. d/b/a Cash App is a Delaware corporation headquartered in San Francisco, California.

## IV. FACTUAL BACKGROUND

15. Plaintiff opened and maintained a Cash App account in good standing for several years.

16. On or about November 13, 2020, Cash App abruptly closed Plaintiff's account via a generic email with no explanation, no evidence, and no due process.

17. Plaintiff repeatedly contacted support, but Cash App refused to provide any reason or documentation.

18. Plaintiff initiated arbitration only because Cash App's Terms claimed arbitration was mandatory, not because Plaintiff agreed to those Terms.

19. During arbitration, Plaintiff challenged contract formation and demanded proof of assent.

20. Cash App failed to produce:

- any timestamp of acceptance

- any IP logs

- any device fingerprints

- any metadata

- any screenshot of the Terms presented at sign-up

- any version of the Terms allegedly in effect

21. Instead of producing evidence, Cash App attempted to file a dispositive motion to dismiss the arbitration without addressing contract formation.

22. Plaintiff withdrew from arbitration because Cash App's refusal to produce evidence made arbitration impossible.

23. Plaintiff now seeks judicial review under FAA § 4.

V. CLAIMS FOR RELIEF

COUNT I — DECLARATORY JUDGMENT (28 U.S.C. § 2201)

24. Plaintiff seeks a declaration that:

- No valid arbitration agreement exists.

- Cash App cannot enforce any arbitration provision.

- No valid forum-selection clause exists.

- Cash App failed to prove contract formation.

- Plaintiff retains the right to pursue claims in federal court.

COUNT II — VIOLATION OF THE E-SIGN ACT (15 U.S.C. § 7001 et seq.)

25. Cash App failed to provide:

- clear disclosures

- verifiable electronic records

- proof of affirmative electronic consent

26. Without these, any alleged arbitration agreement is void.

COUNT III — FAA § 4 CONTRACT-FORMATION CHALLENGE

27. Under the FAA, the Court must determine whether an arbitration agreement exists.

28. Cash App failed to prove:

- Plaintiff ever assented

- the Terms were provided

- any electronic acceptance occurred

29. Arbitration cannot be compelled without proof of contract formation.

COUNT IV — WRONGFUL ACCOUNT TERMINATION (State Law)

30. Cash App closed Plaintiff's account arbitrarily and without justification.

COUNT V — BREACH OF IMPLIED COVENANT OF GOOD FAITH (State Law)

31. Cash App acted in bad faith by refusing to provide information and by exploiting arbitration procedures.

COUNT VI — NEGLIGENCE (State Law)

32. Cash App failed to exercise reasonable care in managing Plaintiff's account and dispute process.

VI. DAMAGES

33. Plaintiff seeks:

- Actual damages: $4,000

- Emotional distress: $3,000

- Punitive damages: $5,000

- Total: $12,000

- Costs and any additional relief the Court deem proper

VII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. Declaratory judgment that no arbitration agreement exists.

2. Declaratory judgment that no forum-selection clause applies.

3. Judgment for $12,000 in damages.

4. Injunctive relief requiring Cash App to disclose its account-closure reasoning.

5. Any further relief the Court deems just and proper.

VIII. JURY DEMAND

Plaintiff demands a jury trial on all triable

issues.

**Respectfully Submitted,**

Bria Hunt

480 Thurmond Circle

Statham, GA 30666

Briahunt25@gmail.com

678-899-4784